Josh H. Escovedo, State Bar No. 284506
Kavan J. Jeppson, State Bar No. 327547
Anders L. Bostrom, State Bar No. 332939
**WEINTRAUB TOBIN** CHEDIAK COLEMAN GRODIN
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California   95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiff Railroad 1900, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAILROAD 1900, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, a municipal entity,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Railroad 1900, LLC alleges as follows:

## NATURE OF THE CASE

1. The City of Sacramento faces a significant homelessness crisis. Unfortunately, the City of Sacramento has chosen to deal with its situation by imposing a de facto policy of allowing certain regions of the city to serve as containment zones. This policy has been to the detriment of citizens with residential and commercial property that exists within these containment zones.

2. Railroad 1900, LLC owns commercial real estate at the location commonly referred to as 1900 Railroad Drive, Sacramento, California 95815, which is located near the American River Parkway.

3. The area surrounding Railroad 1900, LLC's property is blighted. It has become a graveyard for abandoned vehicles, and its streets are lined with mobile homes, RVs, and other vehicles serving as housing. Even worse, the area is unsanitary, unsafe, and otherwise constitutes a public and private nuisance to the property owners and any citizens passing through the area. The conditions prevailing in this area constitute a violation of the fundamental civil rights of those who own property in the area and those who work there.

4. This situation gives rise to a matter of fundamental fairness. A city-wide, and frankly, a statewide, issue should not be allowed to disproportionately affect a few discrete neighborhoods in Sacramento. The City of Sacramento cannot simply abandon certain neighborhoods to spare other neighborhoods from having to deal with the homelessness epidemic.

5. The City of Sacramento has refused to enforce its own laws and those of the state that prohibit the homeless from loitering, vandalizing, and otherwise inhabiting private property and the surrounding public property. It has also refused to enforce its own laws that should require the City to remove abandoned vehicles, which the Sacramento City Code admits constitute a nuisance. Instead, the City of Sacramento has hidden behind a Ninth Circuit case titled *Martin v. City of Boise*, which actually has no bearing on these circumstances. If *Martin* truly immunized municipalities from doing what Railroad 1900, LLC has been demanding that the City of Sacramento do, then why have multiple other municipalities, including the City and County of San Francisco, immediately resolved such lawsuits by agreeing to comply with the law? It's because *Martin* does no such thing.

6. The City of Sacramento's failure and outright refusal to enforce its laws has caused Railroad 1900, LLC significant damage. It has caused the property value to decrease, it has caused Railroad 1900, LLC to hire private security to avoid further damage to its property, and it has caused Railroad 1900, LLC to incur significant expenses cleaning the area, which has been repeatedly littered with waste, debris, excrement, and drug paraphernalia. Railroad 1900, LLC has even had to deal with fire damage caused by members of the homeless population, and a dog attack that resulted from one of the members of the homeless

population turning his dog loose on private security. In other words, the neighborhood has become an area of lawlessness where the homeless population can do anything and everything they want without any regard for consequences. By all means, Railroad 1900, LLC and its principals sympathize with the plight of the homeless, and Railroad 1900, LLC has never requested that the City of Sacramento impose criminal penalties on the homeless for their actions. Railroad 1900, LLC has only asked the City of Sacramento to relocate the homeless and remove the waste, debris, and abandoned vehicles in the area. But that has proven to be more than the City is willing to do.

7. As a result of the City of Sacramento's apparent indifference to the situation, Railroad 1900, LLC was forced to bring this action to compel the City to enforce the law.

## PARTIES

8. Railroad 1900, LLC is a Delaware limited liability company, duly registered to do business in California. Its principal place of business is 120 South Sierra Avenue, Solana Beach, CA 92075. Railroad 1900, LLC owns the property at issue in this action and commonly referred to as 1900 Railroad Drive, Sacramento, California 95815.

9. The City of Sacramento is the capital of California and the municipal entity responsible for administration of the city's government and oversight. The City of Sacramento is responsible for enforcing the laws of California and the Sacramento City Code within its geographic boundaries.

## JURISDICTION AND VENUE

10. Railroad 1900, LLC asserts claims under 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution. As a result, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

11. This Court has supplemental jurisdiction over Railroad 1900, LLC's state law claims under 28 U.S.C. § 1367, since they arise from the same case and controversy as Railroad 1900, LLC's federal claims.

12. Railroad 1900, LLC seeks only equitable and injunctive relief for their state law claims. Accordingly, it need not submit a claim with the City of Sacramento under the

California Tort Claims Act.

## FACTUAL ALLEGATIONS

13. Railroad 1900, LLC acquired the property commonly referred to as 1900 Railroad Drive, Sacramento, California 95815 ("Property") in or around May, 2017. Since that time, the homelessness epidemic has grown exponentially worse.

14. Unfortunately for Railroad 1900, LLC, the Property's surrounding area is not exempt from the epidemic. In fact, the Property is located within one of the containment zones that the City of Sacramento has allowed to develop to help isolate and/or concentrate the plight of the homelessness in those areas, as opposed to the more affluent neighborhoods like East Sacramento, Land Park, Westlake, and Sierra Oaks.

15. The City of Sacramento's decision to treat the area surrounding the Property as a containment zone has created a variety of problems for all concerned parties, including residents, employees, businesses, schools, police, and the homeless themselves. The area surrounding Railroad 1900, LLC's property is blighted. It has become a graveyard for abandoned vehicles, and its streets are lined with mobile homes, RVs, and other vehicles serving as housing. Even worse, the area is unsanitary, unsafe, and otherwise constitutes a public and private nuisance to the property owners and any citizens passing through the area, including those who come to the area to work jobs necessary to feed their families. The conditions prevailing in this area constitute a violation of the fundamental civil rights of those who own property in the area and those who work there.

16. Despite these severe violations of fundamental civil rights and the existence of significant public and private nuisances, the City of Sacramento has failed and refused to enforce the laws of the State of California, as well as its own Sacramento City Code. Despite numerous requests from Railroad 1900, LLC, the City of Sacramento has absconded from its municipal duties and facilitated the existence of anarchy. The homeless have done significant damage to the surrounding area, including the Property, and the City of Sacramento has refused to do anything about it. The homeless have lit the Property on fire and vandalized it in a variety of other ways. The homeless also openly engage in drug use and sales in the

neighborhood, free of any fear of legal consequences. In fact, while all of this is going on in the surrounding area, the City of Sacramento has done worse than simply disregard its obligations. Instead, the City of Sacramento has thrown its hands up and claimed to have no obligation to enforce the law and protect its citizens and their property interests. The City has gone as far as claiming that the Ninth Circuit's decision in *Martin v. City of Boise* precludes it from being able to relocate the homeless outside of this containment zone or to clean up the debris, including abandoned vehicles, left in their wake. But even a cursory reading of *Martin* reveals that the City of Sacramento's reliance is unwarranted. The City of Sacramento has simply chosen to rely on *Martin* with the hope that its citizens will not challenge its frivolous legal contention and to avoid having to clear the homeless out of this de facto containment zone and into the rest of the city.

17. The crisis in the area surrounding the Property presents an immediate and dire public health issue, as well as an environmental issue resulting from the presence of human feces, urine, and other contaminants related to drug use that exist on the sidewalks and streets.

18. These issues have caused direct and proximate harm to Railroad 1900, LLC and its tenants and their patrons. The presence of drug addicts injecting themselves, the odors of smoked crystal methamphetamine and human waste, as well as the open drug dealing in the neighborhood have caused the principals and employees of Railroad 1900, LLC and the tenants and their patrons to fear for their safety.

19. Railroad 1900, LLC has been forced to expend additional monetary resources on third-party security and cleanup crews that would not be necessary if the City of Sacramento were to uphold its duties and obligations to its constituency. These funds have been spent in addition to the significant taxes that Railroad 1900, LLC has been forced to pay to the City of Sacramento and the State of California for, among other things, services that it is clearly not receiving the benefit of, such as law enforcement.

20. Railroad 1900, LLC has also been forced to expend additional monetary resources repairing fire damage and other vandalism carried out by the homeless population in the area. And additional security clearly isn't a perfect solution since these incidents

occurred despite the additional security, and also because members of the homeless population have not hesitated to engage in acts of violence, such as turning loose an aggressive pit bull on one of the security officers.

21. The City of Sacramento's acts and omissions, whether intentional or negligent, that allow the area surrounding the Property to serve as a containment zone have created dire consequences for the area's residents and businesses, including Railroad 1900, LLC. The City of Sacramento's acts and omissions threaten Railroad 1900, LLC with the following specific consequences: (a) an increased risk of infection of COVID-19; (b) interference with its property rights; (c) loss of business and other opportunities; (d) interference with the California constitutional right to pursue happiness; (e) interference with its federal Due Process rights; and (f) interference with its federal Equal Protection rights.

22. The City of Sacramento is legally obligated to take immediate action to protect Railroad 1900, LLC's legal rights, as well as its well-being and that of its employees and tenants. The use of the surrounding area as a containment zone must cease. But despite its legal obligations, the City of Sacramento has failed to take meaningful action or to even formally respond to a letter that was hand delivered by Railroad 1900, LLC on August 24, 2021, which was a follow-up measure to numerous requests for help that went unanswered. Instead, the City of Sacramento paid lip service to the issue by doing a one-time sweep of the area, and allowing it to almost immediately return to its prior condition just one week later. As a result of the City of Sacramento's failure to respond to Railroad 1900, LLC's letter inviting a resolution of this matter, as well as its halfhearted effort to address the issue, this action is necessary.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

Violation of Due Process

42 U.S.C. § 1983; U.S. Const. Amend. V and XIV

Against the City of Sacramento

23. Railroad 1900, LLC realleges and incorporates by this reference each and every

allegation set forth above as though also fully set forth below.

24. The City of Sacramento, by abdicating its duties under the law to ensure safe and secure living conditions in the area surrounding the Property, has denied residents due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. The dangerous and filthy conditions have denied residents their unimpeded liberty and use of their property, and the City of Sacramento has allowed these conditions to become so bad that they actually threaten the lives, health, and safety of the residents.

25. On information and believe, the City of Sacramento's acts and omissions were done with deliberate intent and/or reckless disregard of Railroad 1900, LLC's rights. As a result, Railroad 1900, LLC seeks injunctive relief and attorney's fees and costs incurred bringing this action.

## SECOND CLAIM FOR RELIEF
### Violation of Equal Protection
### 42 U.S.C. § 1983; U.S. Const. Amend. V and XIV
### Against the City of Sacramento

26. Railroad 1900, LLC realleges and incorporates by this reference each and every allegation set forth above as though also fully set forth below.

27. The City of Sacramento, by enforcing the law in some areas and declining to enforce the law in others, has arbitrarily determined where homeless encampments may or may not be located and what communities should be affected, without following its own procedures and in violation of both state and federal law. This has placed a disproportionate burden on some persons, communities, and businesses over others.

28. On information and believe, the City of Sacramento's acts and omissions were done with deliberate intent and/or reckless disregard of Railroad 1900, LLC's rights. As a result, Railroad 1900, LLC seeks injunctive relief and attorney's fees and costs incurred bringing this action.

weintraub tobin chediak coleman grodin

THIRD CLAIM FOR RELIEF

Violation of Due Process—State Created Danger Doctrine

42 U.S.C. § 1983; U.S. Const. Amend. XIV

Against the City of Sacramento

29. Railroad 1900, LLC realleges and incorporates by this reference each and every allegation set forth above as though also fully set forth below.

30. By the acts and omissions described above, the City of Sacramento has affirmatively created or increased the risk that Railroad 1900, LLC would be exposed to dangerous conditions, which placed Railroad 1900, LLC specifically at risk, and Railroad 1900, LLC was harmed as a result.

31. The City of Sacramento knew or should have known that its acts or omissions specifically endangered Railroad 1900, LLC, and the City of Sacramento was deliberately indifferent.

FOURTH CLAIM FOR RELIEF

Uncompensated Taking

42 U.S.C. § 1983; U.S. Const. Amend. V and XIV

Against the City of Sacramento

32. Railroad 1900, LLC realleges and incorporates by this reference each and every allegation set forth above as though also fully set forth below.

33. The Fifth Amendment mandates, in relevant part, that "private property [shall not] be taken for public use, without just compensation." The Fifth Amendment is applied to the states through the Fourteenth Amendment. The actions taken by the City of Sacramento, as discussed above, have limited, damaged, and/or burdened the property owners so substantially that they rise to the level of a regulatory taking, yet no compensation has been provided.

34. On information and belief, the City of Sacramento's acts and omissions were done with deliberate intent and/or reckless disregard of Railroad 1900, LLC's rights. As a result, Railroad 1900, LLC seeks injunctive relief and attorney's fees and costs incurred

bringing this action.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability for Unconstitutional Custom or Policy

### 42 U.S.C. § 1983

### Against the City of Sacramento

35. Railroad 1900, LLC realleges and incorporates by this reference each and every allegation set forth above as though also fully set forth below.

36. Railroad 1900, LLC is informed, believes, and alleges that, at all times mentioned, the City of Sacramento and its agents, with deliberate indifference and conscious and reckless disregard to the safety, security, and constitutional and statutory rights of Railroad 1900, LLC, engaged in the unconstitutional conduct and omissions set forth above, all pursuant to policy, procedure, or customs held by the City of Sacramento

37. The actions and inactions of the City of Sacramento were known or should have been known to the policymakers responsible for that agency and occurred with deliberate indifference to the constitutional violations identified above, and/or to the strong likelihood that constitutional rights would be violated as a result of its customs and/or policies.

38. Railroad 1900, LLC seeks injunctive relief and attorney's fees and costs incurred bringing this action.

## SIXTH CLAIM FOR RELIEF

### Public Nuisance

### Cal. Civ. Code §§ 3490, *et seq.*

### Against the City of Sacramento

39. Railroad 1900, LLC realleges and incorporates by this reference each and every allegation set forth above as though also fully set forth below.

40. California defines nuisance as:

[a]nything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable

enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of a navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance.

41. That statute "is an expression of the Legislature's public policy against public nuisances, and it is plainly aimed at protecting the public from the hazards created by public nuisances."[1] In addition to health and safety hazards, "[a] reduction in property values caused by activities on a neighboring piece of land, and an assault on the senses by noise, dust, and odors, are just the kinds of harm that common law suits to abate a nuisance are designed to redress."[2] A public nuisance is the substantial and unreasonable interference with a public right.[3]

42. As described above, the City of Sacramento, by its failure to maintain the public property under its control and to enforce the laws requiring the same, is perpetuating and facilitating a public nuisance.

43. Railroad 1900, LLC has experienced a substantial and unreasonable interference with the enjoyment of its property. Railroad 1900, LLC has suffered and continues to be threatened with respect to its well-being, by constant threat of disease and the experience of human waste, trash, tents, and encampments outside of its property, as well as on the sidewalks and streets.

44. Railroad 1900, LLC has been damaged in its own right, and it did not consent to the City of Sacramento's conduct.

SEVENTH CLAIM FOR RELIEF

Private Nuisance

Cal. Civ. Code §§ 3501, *et seq.*

Against the City of Sacramento

45. Railroad 1900, LLC realleges and incorporates by this reference each and every allegation set forth above as though also fully set forth below.

---

[1] *People v. ConAgra Grocery Prods. Co.*, 17 Cal. App. 5th 51, 136 (2017).
[2] *Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 505 (7th Cir. 1996).
[3] *San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal. 4th 893, 938 (1996).

weintraub tobin chediak coleman grodin

46. Railroad 1900, LLC owns the Property. By the City of Sacramento's actions and inactions, the City of Sacramento has created a condition or permitted a condition to exist that is harmful to the health, is indecent and offensive to the senses, obstructs the free passage and use of public parks, squares, streets, highway, and sidewalks, permits unlawful sales of illicit narcotics, and constitutes a fire hazard, as described above.

47. The City of Sacramento's conduct has been and is intentional and unreasonable, or unintentional but negligent or reckless. Alternatively, the condition permitted to exist was the result of abnormally dangerous activity that substantially interfered with Railroad 1900, LLC's use or enjoyment of its property, and that would reasonably annoy or disturb an ordinary person. Railroad 1900, LLC did not consent to the City of Sacramento's conduct, and it was harmed as a result.

48. The seriousness of the harm caused by the City of Sacramento's acts and omissions is outweighed by any public benefit of such conduct, which is nonexistent.

49. Railroad 1900, LLC seeks no monetary damages through this claim and submits this claim for only equitable and injunctive relief. As a result, the City of Sacramento is not entitled to immunity under the California Government Code.

### EIGHTH CLAIM FOR RELIEF
### Violation of Mandatory Duty
### Cal. Gov't Code § 815.6 and Cal. Welf. & Inst. Code § 17000
### Against the City of Sacramento

50. Railroad 1900, LLC realleges and incorporates by this reference each and every allegation set forth above as though also fully set forth below.

51. The City of Sacramento is liable under California Government Code § 815.6 and a common law negligence theory for violation of a statutorily mandated duty to provide medical care for the indigent. Welfare & Institutions Code § 17000 provides:

> Every county and every city and county shall relieve and support all incompetent, poor, indigent persons, and those incapacitated by age, disease, or accident, lawfully resident therein, when such persons are not supported and relieved by

their relatives or friends, by their own means, or by state hospitals or other state or private institutions.

52. California Welfare & Institutions Code § 10000 clarifies and defines the purpose of these obligations as follows:

The purpose of this division is to provide for protection, care, and assistance to the people of the state in need thereof, and to promote the welfare and happiness of all of the people of the state by providing appropriate aid and services to all of its needy and distressed. It is the legislative intent that aid shall be administered and services provided promptly and humanely, with due regard for the preservation of family life, and without discrimination on account of ancestry, marital status, political affiliation, or any characteristic listed or defined in Section 11135 of the Government Code. That aid shall be so administered and services so provided, to the extent not in conflict with federal law, as to encourage self-respect, self-reliance, and the desire to be a good citizen, useful to society.

53. Section 10000 and 17000 taken together mandate that "medical care be provided to indigents . . . promptly and humanely."[4] This means that cities and counties must provide medical care to the poor "at a level which does not lead to unnecessary suffering or endanger life and health."[5] The California Supreme Court has held that municipalities must provide "subsistence medical services."[6] Cities and counties have an obligation to provide "'medically necessary' care, not just emergency care."[7] Importantly, a city or county's obligation to provide medically necessary care must be fulfilled "without regard to its fiscal plight."[8] "Medically necessary" for adults is defined by statute: "[A] service is 'medically necessary' or a 'medical necessity' when it is reasonable and necessary to protect life, to

---

[4] *Tailfeather v. Board of Supervisors*, 48 Cal. App. 4th 1223, 1245 (1996).
[5] *Id.* at 1240.
[6] *Hunt v. Superior Court*, 21 Cal. 4th 984, 1014 (1999).
[7] *County of Alameda v. State Bd. of Control*, 14 Cal. App. 4th 1096, 1108 (1993).
[8] *Id.*

prevent significant illness or significant disability, or to alleviate severe pain."[9]

54. In view of the above-described facts and circumstances, and the significant studies, statistics, and reports, including those identified above, and other evidence that may be provided, a person's status as an unsheltered homeless individual both causes and exacerbates physical and mental health problems, ultimately causing much higher rates of infection, disease, decay, pain, and death.

55. Basic shelter is "medically necessary" because it is "reasonable and necessary to protect life, to prevent significant illness or significant disability, or to alleviate severe pain," and the City of Sacramento's failure to provide the same to its homeless population constitutes a breach of its duty under California Welfare & Institutions Code §§ 10000 and 17000.

56. Railroad 1900, LLC has been damaged by the City of Sacramento's failure to provide shelter, as described in detail above.

57. Railroad 1900, LLC seeks no monetary damages through this claim. Railroad 1900, LLC seeks only equitable and injunctive relief. As a result, the City of Sacramento is not entitled to immunity under the California Government Code.

## NINTH CLAIM FOR RELIEF

### Deprivation of the Guarantee of Safety and the Pursuit of Happiness

### Cal. Const. Art. I, § 1

### Against the City of Sacramento

58. Railroad 1900, LLC realleges and incorporates by this reference each and every allegation set forth above as though also fully set forth below.

59. California Constitution, Article I, Section 1 provides:

> All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

---

[9] Cal. Welf. & Inst. Code § 14059.5(a).

60. The actions by the City of Sacramento have limited, damaged, and/or burdened Railroad 1900, LLC's constitutionally guaranteed inalienable rights, including Railroad 1900, LLC's rights to enjoy and defend its life and liberty, to acquire, possess, and protect its property, and to pursue and obtain safety, happiness, and privacy.

61. Railroad 1900, LLC seeks no monetary damages through this claim. Railroad 1900, LLC seeks only equitable and injunctive relief. As a result, the City of Sacramento is not entitled to immunity under the California Government Code.

## TENTH CLAIM FOR RELIEF

### Inverse Condemnation

### Cal. Const. Art. I, § 19

### Against the City of Sacramento

62. Railroad 1900, LLC realleges and incorporates by this reference each and every allegation set forth above as though also fully set forth below.

63. California Constitution Article I, § 19(a) provides in relevant part:

> Private property may be taken or damaged for public use only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner.

64. The actions by the City of Sacramento have limited, damaged, and/or burdened Railroad 1900, LLC's property and/or business so substantially that they rise to the level of a regulatory taking, yet no compensation has been provided.

65. Railroad 1900, LLC seeks no monetary damages through this claim. Railroad 1900, LLC seeks only equitable and injunctive relief. As a result, the City of Sacramento is not entitled to immunity under the California Government Code.

## PRAYER FOR JUDGMENT

WHEREFORE Railroad 1900, LLC prays for judgment against the City of Sacramento as follows:

1. Injunctive/equitable relief in a manner to be determined by law.
2. An award of costs of suit, including attorney's fees, as permitted by law.

3. Such other and further relief as this Court deems just and proper.

Dated: September 15, 2021          Respectfully submitted,

**WEINTRAUB TOBIN** CHEDIAK COLEMAN GRODIN
Law Corporation


By:   /s/ Josh H. Escovedo
      Josh H. Escovedo
      State Bar No. 284506

Attorneys for Plaintiff Railroad 1900, LLC